N. J. Dept. Labor—Miller v. Autostrap Safety Razor Co.

---

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JACOB MILLER, PETITIONER, v. AUTOSTRAP SAFETY RAZOR COMPANY, RESPONDENT.

**Alleged Injury to Toe of Employe—Evidence Examined, and it Does Not Appear That Petitioner Has Borne Burden of Proof That Injury was Received While Engaged in the Employment.**

On determination of facts and rule for judgment.

For the petitioner, *J. Thaddeus Rospond.*

For the respondent, *McCarter & English.*

＊　　＊　　＊　　＊　　＊　　＊　　＊

Petitioner alleged that while in the employ of the respondent a barrel slipped off a scale, a distance of perhaps six inches, striking his left foot. There is a direct conflict in petitioner's case as to the date of this alleged accident, but none of the testimony places it prior to December 22d, 1925. On January 4th, 1926, he was operated on at Irvington General Hospital by a Dr. Gutowski. This operation, according to the doctor's testimony, was of the type, or similar to, a *hallux valgus* operation, which latter is the one performed for a bunion condition and was performed on petitioner's left big toe. This doctor said that at that time he removed separate pieces of dead neurotic bone. Petitioner, on his direct examination, denied any trouble with his left foot prior to his alleged accident, and that it had ever been cut by a doctor prior to the operation of January 4th, 1926. On cross-examination he admitted that Dr. Gutowsky had cut his foot prior to his entrance to the hospital, and before the operation of January 4th, 1926. A witness for the petitioner, who had been a fellow-workman with him, on cross-examination, testified that petitioner, before the alleged accident, had told him about his trouble with the bunion on his left foot.

Dr. Vanderhoff, a witness for the respondent, testified that he examined the petitioner in March, 1926, at his office, and that, in his opinion, what petitioner had been suffering from was a bunion condition in his left foot. Regarding the separate pieces of neurotic dead bone which Dr. Gutowsky testified he found on January 4th, 1926, Dr. Vanderhoff testified that the shortest possible time for these to have formed would have been at least five weeks, and that they could not have formed within two weeks.

On entering the Irvington General Hospital on January 4th, 1926, the petitioner gave the history of his case to the historian of the hospital, Miss Fitzgerald, who testified. The official records of the hospital were in court, and using the personal history chart from such records, which was in her handwriting and signed by her, to refresh her memory, she stated that petitioner at that time complained of pain, heat,

redness and swelling of left foot. That he, one year ago, noticed some redness and swelling in large toe; this condition gradually became worse. One month ago he was unable to work due to pain in left foot. He consulted his family physician who treated it and inserted a drain; that there was some slight drainage present up to the time of admission, and that petitioner stated the cause to be tight, heavy shoes. She further testified that petitioner gave no other cause for his then present condition and did not ascribe it to any accident.

From the above resume of the testimony, it is evident that petitioner has not sustained the burden of proof which is his. From the weight of the evidence, particularly petitioner's voluntary statement to the Irvington General Hospital, it does not seem that the condition in his left toe was the result of any accident.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*